Filed 12/11/25  P. v. Latimer CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B341300 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA085849) |
| v. | |
| LORENZO MICQUELL LATIMER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Xiomara Costello and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

In 2011, a jury convicted Lorenzo Micquell Latimer of premeditated attempted murder, aggravated mayhem, inflicting corporal injury on the mother of his child, arson, hit and run driving, and the unlawful driving or taking of a vehicle. The jury also found true use of a deadly weapon and great bodily injury enhancements. Latimer admitted serving a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).[1] The trial court sentenced Latimer to an aggregate term of life in prison plus 11 years and 2 months. The sentence included a one-year prior prison term enhancement.

In 2024, the trial court resentenced Latimer under section 1172.75. The court struck Latimer's now-invalid one-year prior prison term enhancement, but otherwise reimposed the original sentence.

On appeal, Latimer contends the trial court erred by reimposing the upper terms for two of his convictions and two enhancements. He relies on section 1170, subdivision (b)(2), which limits the trial court's ability to impose upper term sentences absent a defendant's stipulation or a trier of fact's finding of the truth of aggravating circumstances beyond a reasonable doubt. We disagree and affirm the judgment.

---

[1] All further undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In January 2009, Latimer and the mother of his child, Darlene Diaz, their one-year-old son, and Diaz's two other children, were staying in a motel. In the middle of the night, Latimer punched Diaz in the face when she refused to perform oral sex on him. As they argued, Latimer grabbed Diaz and threatened to kill her. The next morning, Diaz and Latimer continued to argue in front of the motel. Latimer attacked Diaz with razor blades. Diaz's teenage son yelled at Latimer, who stopped attacking Diaz but then kicked her in the head. Latimer left, taking Diaz's car. Later that morning, Latimer hit another vehicle while driving Diaz's car. He drove away after the collision. (*Latimer*, *supra*, B232280.) Law enforcement later found Diaz's car on fire on the side of a road. Latimer was sitting nearby. (*Latimer*, *supra*, B232280.)

Diaz sustained a two-and-a-half-inch cut to her mouth across her inner lip, a five-to-six-inch cut across her throat, and other injuries. Her injuries required surgery on her cheek, hand, finger, neck, and chest, and she was left with scarring on her fingers and hand. (*Latimer*, *supra*, B232280.)

In 2011, a jury convicted Latimer of inflicting corporal injury on the mother of his child (§ 273.5, subd. (a); count 1); arson (§ 451, subd. (d); count 3); unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 4); hit and run driving (Veh. Code, § 20002, subd. (a); count 5); attempted willful, deliberate, and premediated murder (§§ 187, subd. (a), 664;

---

[2] We take the factual background from the opinion in the previous direct appeal, *People v. Latimer* (Jan. 23, 2013, B232280) (nonpub. opn.) (*Latimer*). We take judicial notice of that opinion on our own motion. (Evid. Code, § 451, subd. (a).)

3

count 6); and aggravated mayhem (§ 205; count 7).[3] The jury also found true enhancements for the use of a deadly and dangerous weapon and infliction of great bodily injury (§§ 12022, subd. (b)(1), 12022.7, subd. (e)). Latimer admitted he served a prior prison term within the meaning of section 667.5, subdivision (b).

In 2011, the court sentenced Latimer to a total term of life in prison plus 11 years and 2 months. (*Latimer*, *supra*, B232280.) On count 1, the court imposed the upper term of four years, plus one year for a section 12022, subdivision (b)(1) enhancement, and stayed the sentence pursuant to section 654. On count 3, the court imposed the upper term of three years. On count 4, the court selected a sentence of one-third the mid-term of eight months. On count 5, the court imposed 180 days. On count 6, the court imposed a life sentence, plus the upper term of five years for a section 12022.7, subdivision (e) enhancement, one year for a section 12022, subdivision (b)(1) enhancement, and one year for a section 667.5, subdivision (b) prior prison term enhancement. On count 7, the court imposed life plus the upper term of five years for a section 12022.7, subdivision (e) enhancement, plus one year for a section 12022, subdivision (b)(1) enhancement, and stayed the sentence pursuant to section 654. A panel of this court affirmed the judgment on appeal. (*Latimer*, *supra*, B232280.)

In 2023, the California Department of Corrections and Rehabilitation identified Latimer as eligible for resentencing pursuant to section 1172.75 because he was an inmate serving a prison term for a judgment that included a section 667.5, subdivision (b), prior prison term enhancement.

---

[3] Count 2 was dismissed.

4

Through counsel, Latimer filed a motion to strike and dismiss his now-invalid section 667.5, subdivision (b) enhancement and for recall and full resentencing under section 1172.75. He requested that the court strike the great bodily injury enhancements and impose the midterm on all terms for which the sentencing court had originally imposed an upper term.

The People opposed any reduction to the original sentence other than the striking of the invalid one-year prison prior enhancement. They argued the upper term was still warranted for the section 273.5, subdivision (a) and section 451, subdivision (d) convictions based on the facts of the crimes, Latimer's criminal history, and his continued criminal conduct in prison. The People also argued the upper term was warranted on the great bodily injury enhancements based on Diaz's vulnerability, Latimer's abuse of her trust, Latimer's multiple attacks on Diaz, and the seriousness of the injuries Latimer inflicted.

In September 2024, the court conducted a resentencing hearing and struck Latimer's one-year prison prior enhancement. The court "did not find it in the interest of justice to strike anything else," and reimposed the original sentence. The court observed that "in regards to the high-term and mid-term . . . 1172.75 specifically says that unless the defendant was originally sentenced under the upper term, then the court needs to proceed in a certain way." "But in this case . . . the allegations here are particularly heinous and certainly weigh on this court, especially when, frankly, there is absolutely nothing on the other side to weigh against it."

Latimer filed a timely notice of appeal.

**DISCUSSION**

## I.     Applicable Legal Principles

"Until 2007, section 1170, former subdivision (b), provided that, when a penal statute specifies three possible prison terms, 'the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime.' [Citations.]" (*People v. Mathis* (2025) 111 Cal.App.5th 359, 370, review granted Aug. 13, 2025, S291628 (*Mathis*); see also *People v. Lynch* (2024) 16 Cal.5th 730, 746 (*Lynch*).)

"In 2007, however, the United States Supreme Court held that California's upper term sentencing scheme violated the Sixth Amendment right to a jury trial because it allowed a defendant's prison sentence to be increased beyond the statutory maximum based on facts that had not been found true beyond a reasonable doubt by a jury or admitted by the defendant. (See *Cunningham v. California* (2007) 549 U.S. 270, 274−275 (*Cunningham*); see also *Lynch*, *supra*, 16 Cal.5th at pp. 746−747.) The statutory maximum, for Sixth Amendment purposes, is the maximum sentence the court may impose without finding any additional facts beyond those necessary to support the verdict. (*Lynch*, at p. 747.)  *Cunningham* explained that, except for prior conviction allegations, the Sixth Amendment requires 'any fact that exposes a defendant to a greater potential sentence' to be found by a jury beyond a reasonable doubt.  (*Cunningham*, at p. 281.)  *Cunningham* noted that California could comply with the Sixth Amendment either by requiring jury findings for any facts necessary to impose an aggravated sentence, or by authorizing sentencing courts ' "to exercise broad discretion . . . within a statutory range." '  (*Cunningham*, at p. 294; see *Lynch*, at p. 747.)"  (*Mathis*, *supra*, 111 Cal.App.5th at pp. 370–371.)

6

"In response to *Cunningham*, the California Legislature amended section 1170 in 2007 to provide that the choice between the lower, middle, and upper terms 'shall rest within the sound discretion of the court,' with the court 'select[ing] the term which, in the court's discretion, best serves the interests of justice' and stating reasons for its decision.  (Former § 1170(b), enacted by Stats. 2007, ch. 3, § 2, pp. 6−7.)  The amendment gave judges 'broad discretion in selecting a term within a statutory range, thereby eliminating the requirement of a judge-found factual finding to impose an upper term. . . .' . . . By enacting this amendment, the Legislature selected the second option presented by the high court in *Cunningham*."  (*Lynch*, *supra*, 16 Cal.5th at pp. 747–748.)

Subsequently, effective January 2022, the Legislature again amended section 1170, subdivision (b).  (*Lynch, supra,* 16 Cal.5th at p. 748.)  "The effect of the 2022 amendment was to embrace *Cunningham*'s first option."  (*Ibid*.)  As relevant here, section 1170, subdivision (b)(1) now provides: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."  A court may now "impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (*Id*., subd. (b)(2).)  Thus, the middle term is now the

7

presumptive sentence unless certain circumstances exist.  (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038.)

Section 1172.75 also became effective January 2022. Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."  It establishes procedures for the identification of persons serving sentences that include now-invalid prior prison term enhancements, and for the recall of such sentences and resentencing.

At resentencing, the "court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)  In addition, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (*Id.*, subd. (d)(4).)

We review de novo questions of law and statutory interpretation.  (See *Mathis*, *supra*, 111 Cal.App.5th at p. 366.)

## II.  The Trial Court Did Not Err in Reimposing the Upper Term Sentences

Latimer asserts that section 1172.75, subdivision (d)(2) required the trial court to apply "changes in law that reduce

8

sentences or provide for judicial discretion" at his resentencing. Specifically, he contends the trial court was required to implement the amendments to section 1170, subdivision (b)(2) permitting a court to impose a sentence exceeding the middle term only when the facts underlying the aggravating circumstances supporting the upper term have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury.

We conclude that section 1172.75, subdivision (d)(4) provides an exception to this requirement. It unambiguously states: "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation . . . stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Ibid.*, italics added.) Based on the plain meaning of this text, the court in *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467, concluded it was "evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing. Section 1172.75, subdivision (d)(4) is, therefore, an exception to the general rule that the trial court must apply ameliorative changes in the law at a section 1172.75 resentencing." We agree with *Brannon-Thompson*'s reading of section 1172.75, subdivision (d)(4). (*People v. Singh* (2022) 81 Cal.App.5th 147, 152 [in interpreting a statute, if there is no ambiguity, its plain meaning controls].) Here, it is undisputed that the trial court merely reimposed the previous sentence and was not imposing any upper term for the first time. It therefore did not err.

9

To the extent Latimer is also arguing that the trial court could not reimpose the upper terms without violating the Sixth Amendment, we disagree. Latimer relies on *People v. Gonzalez* (2024) 107 Cal.App.5th 312, which acknowledged the reasoning of *Brannon-Thompson,* but held that "another reasonable interpretation of section 1172.75, subdivision (d)(4) would simply *restrict the scope of defendants eligible to receive the upper term* at resentencing to those who previously received the upper term, instead of creating a condition or exception independently justifying the imposition of the upper term." (*Id*. at p. 329.) *Gonzalez* concluded that *Brannon-Thompson*'s approach of excluding defendants who previously received upper term sentences from the requirement that facts must be stipulated to or found true by a reasonable doubt by a jury could run afoul of the Sixth Amendment. (*Gonzalez*, at p. 330; see *id*. at p. 329.) The *Gonzalez* court thus disagreed with *Brannon-Thompson*'s reading of the statute, applied the rule of constitutional avoidance, and concluded that section 1172.75, subdivision (d)(4), restricts the scope of defendants eligible for the upper term to those who originally received it. [4] (*Gonzalez*, at p. 330.)

We conclude that *Brannon-Thompson*'s reading of section 1172.75, subdivision (d)(4), not only more accurately reflects its text, but also does not conflict with the Sixth Amendment for the reasons discussed in *Mathis*, *supra*, 111 Cal.App.5th 359. As the *Mathis* court explained: "We disagree that the Sixth Amendment is implicated here. When Mathis was

---

[4] The question reflected in the *Brannon-Thompson* and *Gonzalez* disagreement is now pending before the California Supreme Court. (*People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.)

sentenced, in 2017, his sentence was imposed pursuant to the version of section 1170, subdivision (b), that granted the trial court broad discretion to select any of the three applicable prison terms. As *Lynch* explained, under that sentencing scheme, there was no requirement for the judge to find a particular fact to justify [the] imposition of the upper term. [Citation.] As a result, the court's selection of an upper term at Mathis's 2017 sentencing did not run afoul of the Sixth Amendment." (*Mathis*, at p. 373, citing *Lynch*, *supra*, 16 Cal.5th at pp. 747–748; *id*. at p. 759 ["It is the requirement of additional factfinding that brings the Sixth Amendment into play."].)

Similarly, here, Latimer was originally sentenced in 2011, under the same version of section 1170, subdivision (b) that was in effect when the defendant in *Mathis* was sentenced. Because section 1170, subdivision (b) did not at that time require the original sentencing court to find a particular fact to impose the upper term, "[t]hat sentencing scheme fully complied with the Sixth Amendment." (*Mathis*, *supra*, 111 Cal.App.5th at p. 373.) "We therefore reject [Latimer's] contention that the exception in section 1172.75, subdivision (d)(4), for cases in which the trial 'court originally imposed the upper term' must be construed, as a matter of constitutional avoidance, to nonetheless require aggravating factors to be found by the factfinder or admitted by the defendant. Where, as here, the trial court elects to retain an upper term sentence that complied with the Sixth Amendment when originally imposed, the court need not engage in any additional factfinding under section 1172.75, subdivision (d)(4). (See *Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466–467.)" (*Id*. at pp. 373–374.)

11

In sum, we agree with the reasoning of *Brannon-Thompson* and *Mathis* and conclude the trial court did not err in striking the one-year prior prison term enhancement and otherwise reimposing the original sentence.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.